IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DOROTHY E. GOELZER<br>an adult individual<br>3811 South 18th Street<br>Sheboygan, WI 53081,<br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>SHEBOYGAN COUNTY<br>a municipal corporation<br>508 New York Avenue<br>Sheboygan, WI 53081,<br><br>　　and<br><br>ADAM N. PAYNE<br>an adult individual<br>508 New York Avenue<br>Sheboygan, WI 53081,<br>　　　　　　　　　　Defendants. | CASE NO. _____<br><br>COMPLAINT<br><br>TRIAL BY 12-PERSON JURY<br>HEREBY DEMANDED |

Plaintiff Dorothy E. Goelzer ("Dorothy") by her attorneys Rohde Dales LLP, for her claims against Defendants Sheboygan County and Adam N. Payne ("Payne"), states as follows:

1. This is an action for damages and attorneys' fees brought pursuant to the Family Medical Leave Act of 1993, 29 U.S.C. §2601 et seq. ("FMLA").

2. The jurisdiction of this court is based on 29 U.S.C. §2617 and is invoked to secure protection and redress deprivation of rights guaranteed by federal law, which rights provide for relief for illegal actions by employers.

3. Venue in this action lies in the United States District Court for the Eastern District of Wisconsin in that all acts alleged as part of this complaint took place in said district.

4. Dorothy is an adult individual and a citizen of the United States who currently resides at 3811 South 18th Street, Sheboygan, Sheboygan County, Wisconsin.

5. Sheboygan County is, and at all times relevant hereto was, a municipal corporation organized under the laws of the State of Wisconsin, with its principal place of business located at 508 New York Avenue, Sheboygan, Sheboygan County, Wisconsin. Sheboygan County constitutes an employer within the meaning of 29 U.S.C. §2611(4).

6. Payne is, and at all times relevant hereto was, an adult individual employed by Sheboygan County with a principal business address located at 508 New York Avenue, Sheboygan, Sheboygan County, Wisconsin. At all times relevant hereto, Payne acted directly in the interest of Sheboygan County as Dorothy's direct supervisor. Payne constitutes an employer within the meaning of 29 U.S.C. §2611(4).

7. Dorothy was employed by Sheboygan County beginning on or about January 6, 1986.

8. At all times relevant hereto, Dorothy's job performance was more than satisfactory.

9. Beginning on or about the year 2002, Dorothy began to experience various health issues.

10. In order to deal with her health issues, Dorothy needed to take various leaves of absence.

11. Payne expressed his dissatisfaction with Dorothy's leaves of absence both verbally and in a February 5, 2004 memo which stated in relevant part as follows:

> "...you were out of the office having eye surgery in 2002 and 2003. In fact, the past two years, use of sick leave and vacation combined, you were out of the office 113 days. As the only support person in the office, this has presented challenges in the functionality and duties associated with the office."

12. On or about May 10, 2006, Dorothy provided a written request for a medical leave of absence from her employment with Sheboygan County for the purpose of having foot surgery.

2

13. Dorothy's foot condition was a serious health condition within the meaning of 29 U.S.C. §2611(11) and required that she undergo surgery and take time off from work for recovery and continuing treatment under the care of her doctor.

14. Dorothy was entitled to medical leave under 29 U.S.C. §2612(a)(1) because her foot surgery would render her temporarily unable to perform the functions of her job.

15. Under 29 U.S.C. §2614(a)(1), Dorothy was entitled to be restored to her position with Sheboygan County or an equivalent position with Sheboygan County after her return from medical leave.

16. After submitting her request for medical leave, Dorothy's doctor provided Sheboygan County with a Certification of Health Care Provider dated May 12, 2006 which further detailed Dorothy's need for medical leave.

17. Despite providing all documents requested by Sheboygan County, Dorothy's medical leave was not approved by Sheboygan County until August of 2006. Dorothy's medical leave was scheduled to begin on September 22, 2006.

18. On September 8, 2006, Payne and Sheboygan County Board Chair William Goehring terminated Dorothy's employment with Sheboygan County with a document entitled Sheboygan County Employee Report which stated in relevant part as follows:

> Dorothy Goelzer's employment with Sheboygan County will be terminated effective November 30, 2006. She will be considered to be on administrative (paid) leave until that date.

19. At the time of her termination from Sheboygan County, Dorothy was an eligible employee within the meaning of 29 U.S.C. §2611(2)(A) and Sheboygan County and Payne, through

3

the adverse employment actions alleged herein, discriminated against Dorothy directly because of her assertion of her statutorily protected rights under the FMLA.

20. By the above-described intentional conduct, Sheboygan County and Payne violated the FMLA by discriminating against Dorothy for exercising her FMLA rights and by refusing to return her to her position or an equivalent position following her leave.

21. As a direct result of Sheboygan County's conduct and Payne's conduct, Dorothy has suffered damages as follows:

    (a) Damages equal to the amount of any wages, employment benefits, or other compensation denied or lost and interest thereon;

    (b) Liquidated damages equal to the sum of the amount of lost wages, benefits, and other compensation as set forth above and interest thereon;

    (c) Injunctive relief ordering Defendants to cease and desist from engaging in violations of the Family Medical Leave Act and reinstating Dorothy to her employment with Sheboygan County; and

    (d) Reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff Dorothy E. Goelzer demands judgment against Defendants Sheboygan County and Adam N. Payne as follows:

    A. For an award of damages equal to the amount of any wages, employment benefits, or other compensation denied or lost and interest thereon;

    B. For an award of liquidated damages equal to the sum of the amount of lost wages, benefits, and other compensation as set forth above and interest thereon;

C. For an award of injunctive relief ordering Defendants to cease and desist from engaging in violations of the Family Medical Leave Act and reinstating Dorothy to her employment with Sheboygan County;

D. For an award of reasonable attorneys' fees and costs; and

E. For such other and further relief as the court deems just and proper.

Dated this 16th day of May, 2007.

    s/ Anthony J. Resimius
Anthony J. Resimius Bar No. 1037195
Attorney for Plaintiff
ROHDE DALES LLP
607 North 8th Street, 7th Floor
Sheboygan, WI 53081
Telephone (920) 458-5501
Facsimile (920) 458-5874
E-mail resimius@rohdedales.com